**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JASPREET SINGH,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06489-JLT-HBK

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 6)

## I. INTRODUCTION

Before the Court is Jaspreet Singh's request for a temporary restraining order (Doc. 6), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)(2)(A). (Doc. 10 at 1-2.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from India. Petitioner entered the United States without inspection on or about April 11, 2023, near Lukeville, Arizona. (Doc. 1 at 4, ¶ 8.) Upon his arrival, Petitioner was detained by immigration officials, processed, screened, served with a Notice to Appear charging

inadmissibility under INA § 212(a)(6)(A)(i). (*Id.* at ¶ 9; Doc 10 at 13. Petitioner was then released into the United States on April 13, 2023 on conditional parole. (Doc. 1 at 4, ¶ 9.) Following his release, Petitioner attests to timely filed an asylum application, attending all court hearings and biometric appointments, and "otherwise obeyed all laws of the United States." (*Id.* at 5, ¶ 12.)

On August 5, 2026, Petitioner came to attention of Immigrations and Customs Enforcement following an FBI investigation where Petitioner was encountered during a search warrant. (Doc. 10 at 1, 5.) The FBI's investigation identified Petitioner as being part of an active shooting investigation and the search resulted in three weapons located in the residence. (*Id.*) Petitioner was detained by ICE following the search warrant pursuant to an administrative warrant. (*Id.*) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On August 14, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 37-38.) Petitioner requests immediate release or a bond hearing before this Court and not before an immigration judge. (*Id.* at 42-43.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 37-38.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue

here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 10 at 1-2.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing.

However, that is not the end of the inquiry. Respondents further argue that Petitioner was properly re-detained because "he was identified in an FBI active shooting investigation just prior to his detention, three weapons were found in his house, and is awaiting a bond hearing." (Doc. 10 at 2.) Although the record does not indicate whether Petitioner has been formally charged with a crime, this Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounters with law enforcement. "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has

failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.") Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order, (Doc. 6), is **DENIED** as **MOOT**.
3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72</u>**

**<u>hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _August 28, 2026_

UNITED STATES DISTRICT JUDGE